FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

APR 02 2025

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:25-00074 |
| v. | ) | |
| [1] VIXIANE INTHIRAKOD | ) | 18 U.S.C. § 371<br>18 U.S.C. § 922(a)(6)<br>18 U.S.C. § 922(d)<br>18 U.S.C. § 924 |
| [2] SARAH INTHIRAKOD | ) | |
| [3] SUA INTHIRAKOD | ) | |

# INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES:

### PURPOSE OF THE CONSPIRACY

1. Beginning on or about February 24, 2022, and continuing through on or about March 24, 2022, in the Middle District of Tennessee and elsewhere, the defendants, **[1] VIXIANE INTHIRAKOD**, **[2] SARAH INTHIRAKOD,** and **[3] SUA INTHIRAKOD**, knowingly combined, conspired, confederated, and agreed with each other and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is: to knowingly make a false and fictitious statement, which statement was intended and likely to deceive federally licensed firearms dealers into believing that the person completing the ATF Form 4473 was the actual transferee/buyer of the firearm when, in fact, the firearm was being purchased for someone else, in violation of Title 18, United States Code, Section 922(a)(6).

## MANNER AND MEANS

2. It was part of the conspiracy that **[1] VIXIANE INTHIRAKOD**, **[2] SARAH INTHIRAKOD**, and other individuals known and unknown to the Grand Jury purchased firearms from Federal Firearm Licensees ("FFL"), licensed under Chapter 44 of Title 18, United States Code.

3. It was further part of the conspiracy that **[1] VIXIANE INTHIRAKOD** and **[2] SARAH INTHIRAKOD** would purchase firearms by falsely claiming on ATF Form 4473, the required Firearms Transaction Record, that they were the buyers and transferees of the firearms, when in fact others known and unknown to the Grand Jury were the true buyers and transferees of the firearms.

4. It was further part of the conspiracy that, after purchasing the firearms, **[1] VIXIANE INTHIRAKOD** and **[2] SARAH INTHIRAKOD** would transfer the purchased firearms to **[3] SUA INTHIRAKOD**, a convicted felon.

5. It was further part of the conspiracy that **[3] SUA INTHIRAKOD** and other individuals known and unknown to the Grand Jury would transport those firearms outside of the Middle District of Tennessee.

## OVERT ACTS

6. In furtherance of the conspiracy, and to accomplish its object and purpose, at least one co-conspirator committed and caused to be committed, in the Middle District of Tennessee and elsewhere, at least one of the following overt acts, among others:

A. On or about February 24, 2022, at Outpost Armory in Murfreesboro, Tennessee, **[1] VIXIANE INTHIRAKOD**, purchased five Glock 43X 9mm caliber pistols and

completed ATF Form 4473 indicating he was the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Four.

B. On or about February 26, 2022, at Tennessee Armory and Outdoor Supply in Chapel Hill, Tennessee, **[1] VIXIANE INTHIRAKOD** purchased four Glock 9mm caliber firearms and completed ATF Form 4473 indicating he was the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Five.

C. On or about February 26, 2022, **[3] SUA INTHIRAKOD** personally accompanied **[1] VIXIANE INTHIRAKOD** to Tennessee Armory and Outdoor Supply and posed as **[1] VIXIANE INTHIRAKOD**'s "translator" for the sale.

D. On or about February 26, 2022, at Academy Sports in Franklin, Tennessee, **[1] VIXIANE INTHIRAKOD** purchased four Glock 9mm caliber firearms and two Glock .380 caliber firearms and completed ATF Form 4473 indicating he was the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Six.

E. On or about February 26, 2022, at Franklin Range in Franklin, Tennessee, **[1] VIXIANE INTHIRAKOD**, accompanied by **[2] SARAH INTHIRAKOD**, purchased two Glock 9mm caliber firearms and completed an ATF Form 4473 indicating **[1] VIXIANE INTHIRAKOD** was the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Seven.

F. On or about February 26, 2022, at Academy Sports in Smyrna, Tennessee, **[2] SARAH INTHIRAKOD** purchased one Glock 9mm caliber firearm and five Glock .380 caliber firearms and completed an ATF Form 4473 indicating she was

the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Eight.

G. On or about February 27, 2022, at Outpost Armory in Murfreesboro, Tennessee, **[2] SARAH INTHIRAKOD** purchased a Glock 9mm caliber firearm and completed an ATF Form 4473 indicating she was the purchaser of the firearm while intending to transfer the firearm to another person, as alleged in Count Nine.

H. On or about March 2, 2022, at Academy Sports in Smyrna, Tennessee, **[1] VIXIANE INTHIRAKOD** purchased a Glock 9mm caliber firearm and completed an ATF Form 4473 indicating he was the purchaser of the firearm while intending to transfer the firearm to another person, as alleged in Count Ten.

I. On or about March 4, 2022, at Sportsman's Warehouse in Murfreesboro, Tennessee, **[2] SARAH INTHIRAKOD** purchased three Glock 9mm caliber firearms and completed an ATF Form 4473 indicating she was the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Eleven.

J. On or about March 5, 2022, at the Middle Tennessee Gun and Knife Show in South Carthage, Tennessee, **[2] SARAH INTHIRAKOD** purchased a Smith & Wesson, M&P Shield, 9mm caliber pistol, two Canik, METE SFT, 9mm caliber pistols, and a Canik, TP9SA, 9mm caliber pistol, from JB Gun Works, a Federal Firearms Licensee, as alleged in Count Twelve. On or about the same date, **[2] SARAH INTHIRAKOD** completed an ATF Form 4473 for the purchase of three of these firearms from JB Gun Works at the Middle Tennessee Gun and Knife Show in

South Carthage, Tennessee, indicating she was the purchaser of the firearms while intending to transfer the firearms to another person, as alleged in Count Twelve.

K. Beginning on or about February 24, 2022, through on or about March 24, 2022, **[1] VIXIANE INTHIRAKOD, [2] SARAH INTHIRAKOD, [3] SUA INTHIRAKOD**, and others known and unknown to the Grand Jury, attempted to obliterate or cause to be obliterated the serial numbers on the firearms purchased by **[1] VIXIANE INTHIRAKOD** and **[2] SARAH INTHIRAKOD** which were subsequently transferred to **[3] SUA INTHIRAKOD.**

L. On or about March 24, 2022, **[3] SUA INTHIRAKOD** possessed approximately 44 firearms, 32 of which were purchased by **[1] VIXIANE INTHIRAKOD** and/or **[2] SARAH INTHIRAKOD**, while **[3] SUA INTHIRAKOD** he drove a vehicle in the Northern District of New York, in an attempt to transport said firearms to Canada.

In violation of Title 18, United States Code, Section 371.

COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Between on or about February 24, 2022, and on or about March 24, 2022 in the Middle District of Tennessee and elsewhere, the defendant, **[1] VIXIANE INTHIRAKOD**, knowingly disposed of firearms, that is, two Glock 42 .380 caliber pistols, five Glock model 43X, 9mm caliber pistols, a Glock 17, 9mm caliber pistol, a Glock, 43Gen3, 9mm caliber pistol, a Glock, 17, 9mm caliber pistol, a Glock, 26, 9mm caliber pistol, five Glock, 48, 9mm caliber pistols, and two Glock, 43, 9mm caliber pistols to **[3] SUA INTHIRAKOD**, knowing and having reasonable cause to

believe that **[3] SUA INTHIRAKOD** had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Between on or about February 26, 2022, and on or about March 24, 2022 in the Middle District of Tennessee and elsewhere, the defendant, **[2] SARAH INTHIRAKOD**, knowingly disposed of firearms, that is, a Bersa Thunder. 380 caliber firearm, five Glock, 42, .380 caliber pistols, two Glock, 48, 9mm caliber pistols, a Glock, 43, 9mm caliber pistol, a Smith & Wesson, M&P Shield, 9mm caliber pistol, two Canik, METE, 9mm caliber pistols, a Canik, TP9SA, 9mm caliber pistol, and two Glock, 43X, 9mm caliber pistols to **[3] SUA INTHIRAKOD**, knowing and having reasonable cause to believe that **[3] SUA INTHIRAKOD** had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

On or about February 24, 2022, in the Middle District of Tennessee, the defendant, **[1] VIXIANE INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, five Glock, 43X 9mm caliber pistols, from Outpost Armory in Murfreesboro, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Outpost Armory, which statement was intended and likely to deceive Outpost Armory, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[1] VIXIANE INTHIRAKOD**

under Chapter 44 of Title 18, United States Code, in that **[1] VIXIANE INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] VIXIANE INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[1] VIXIANE INTHIRAKOD** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about February 26, 2022, in the Middle District of Tennessee, the defendant, **[1] VIXIANE INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, two Glock, 17 9mm caliber pistols, a Glock, 43, 9mm caliber pistol, and a Glock, 26, 9mm caliber pistol, from Tennessee Armory and Outdoor Supply in Chapel Hill, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, make a false and fictitious written statement to Tennessee Armory and Outdoor Supply, which statement was intended and likely to deceive Tennessee Armory and Outdoor Supply, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[1] VIXIANE INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[1] VIXIANE INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] VIXIANE INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[1] VIXIANE INTHIRAKOD** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT SIX

THE GRAND JURY FURTHER CHARGES:

On or about February 26, 2022, in the Middle District of Tennessee, the defendant, **[1] VIXIANE INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, two Glock 48, 9mm caliber pistols, two Glock 43, 9mm caliber pistols, and two Glock 42, .380 caliber pistols, from Academy Sports in Franklin, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[1] VIXIANE INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[1] VIXIANE INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] VIXIANE INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[1] VIXIANE INTHIRAKOD** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about February 26, 2022, in the Middle District of Tennessee, the defendant, **[1] VIXIANE INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, two Glock 48, 9mm caliber pistols, from Franklin Range in Franklin, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Franklin Range, which statement was intended and likely to deceive Franklin Range, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[1] VIXIANE INTHIRAKOD** under Chapter

44 of Title 18, United States Code, in that **[1] VIXIANE INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] VIXIANE INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[1] VIXIANE INTHIRAKOD [1]** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

<u>COUNT EIGHT</u>

THE GRAND JURY FURTHER CHARGES:

On or about February 26, 2022, in the Middle District of Tennessee, the defendant, **[2] SARAH INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, five Glock 42, .380 caliber pistols and a Glock 48, 9mm caliber pistol from Academy Sports in Smyrna, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[2] SARAH INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[2] SARAH INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[2] SARAH INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[2] SARAH INTHIRAKOD** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

<u>COUNT NINE</u>

THE GRAND JURY FURTHER CHARGES:

On or about February 27, 2022, in the Middle District of Tennessee, the defendant, **[2] SARAH INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted

acquisition of a firearm, to wit, a Glock 43, 9mm caliber pistol, from Outpost Armory in Murfreesboro, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Outpost Armory, which statement was intended and likely to deceive Outpost Armory, as to a fact material to the lawfulness of the sale or other disposition of such firearm to **[2] SARAH INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[2] SARAH INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[2] SARAH INTHIRAKOD** was the transferee and buyer of said firearm, when in fact, **[2] SARAH INTHIRAKOD** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT TEN

THE GRAND JURY FURTHER CHARGES:

On or about March 2, 2022, in the Middle District of Tennessee, the defendant, **[1] VIXIANE INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, a Glock 48, 9mm caliber pistol, from Academy Sports in Smyrna, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Academy Sports, which statement was intended and likely to deceive Academy Sports, as to a fact material to the lawfulness of the sale or other disposition of such firearm to **[1] VIXIANE INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[1] VIXIANE INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] VIXIANE INTHIRAKOD** was the transferee and buyer of said firearm, when in fact, **[1] VIXIANE INTHIRAKOD** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES:

On or about March 4, 2022, in the Middle District of Tennessee, the defendant, **[2] SARAH INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, a Glock 48, 9mm caliber pistol and two Glock 43X, 9mm caliber pistols, from Sportsman's Warehouse in Murfreesboro, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to Sportsman's Warehouse, which statement was intended and likely to deceive Sportsman's Warehouse, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[2] SARAH INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[2] SARAH INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[2] SARAH INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[2] SARAH INTHIRAKOD** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT TWELVE

THE GRAND JURY FURTHER CHARGES:

On or about March 5, 2022, in the Middle District of Tennessee, the defendant, **[2] SARAH INTHIRAKOD**, did knowingly, in connection with the acquisition and attempted acquisition of a firearm, to wit, a Smith & Wesson, M&P Shield, 9mm caliber pistol and two Canik, METE SFT, 9mm caliber pistols, from JB Gun Works in South Carthage, Tennessee, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, make a false and fictitious written statement to JB Gun Works, which statement was intended and likely to deceive

JB Gun Works, as to a fact material to the lawfulness of the sale or other disposition of such firearms to **[2] SARAH INTHIRAKOD** under Chapter 44 of Title 18, United States Code, in that **[2] SARAH INTHIRAKOD** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[2] SARAH INTHIRAKOD** was the transferee and buyer of said firearms, when in fact, **[2] SARAH INTHIRAKOD** purchased said firearms for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

A TRUE BILL

[redacted]

FOREPERSON

ROBERT E. McGUIRE
ACTING UNITED STATES ATTORNEY

HERBERT L. BUNTON III
ASSISTANT UNITED STATES ATTORNEY